JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN -6 1990

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 842

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE RODNEY BROWNE AND WILLIAM E. DIX/COUNTY OF SHASTA, CALIFORNIA, ALLEGED CIVIL RIGHTS VIOLATIONS LITIGATION

> William E. Dix v. The County of Shasta, et al., N.D. California, C.A. No. C89-4522-CAL
>
> Rodney Browne v. The County of Shasta, et al., E.D. California, C.A. No. CIV5-90-00089-MLS-EM

ORDER DENYING TRANSFER

This litigation consists of two actions pending in two federal districts: one action each in the Northern District of California and Eastern District of California. Before the Panel is a motion by four defendants in both actions to transfer, pursuant to 28 U.S.C. §1407, the Northern District of California action to the Eastern District of California for centralized pretrial proceedings with the action pending there. No response to this motion has been filed.

On the basis of the papers filed,[1] we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Given the minimal number of actions before us, movant has failed to persuade us that any common questions of fact are sufficiently complex, and that the accompanying discovery will be so time-consuming, to justify Section 1407 transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F.Supp. 543, 544 (J.P.M.L. 1969). We point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985).

IT IS THEREFORE ORDERED that the motion for transfer embracing the above-captioned actions pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

FOR THE PANEL:

Robert H. Schnacke
Judge of the Panel

---

[1] The parties waived oral argument and accordingly the question of transfer of these actions was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).